Thomas D. Penfield, SBN 062380
**CASEY GERRY SCHENK**
**FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA  92101
Telephone:  (619) 238-1811
Facsimile:   (619) 544-9232
tompen@cglaw.com

Mitchel J. Olson, SBN 082566
**LAW OFFICE OF MITCHEL J. OLSON**
1901 Camino Vida Roble, Suite 121
Carlsbad, CA  92008
Telephone:  (877) 834-9980
Facsimile:   (760) 452-7565
molson@lawmed.net

Attorneys for Plaintiff Yaret Morales and
Real Party in Interest Estela Loredo Morales

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YARET MORALES, as next friend of ESTELA LOREDO MORALES, the real party in interest,<br><br>         Plaintiff,<br><br>v.<br><br>PALOMAR HEALTH; BRUCE FRIEDBERG; CEP AMERICA LLC; KELLY PRETORIOUS; RADY CHILDREN'S HOSPITAL AND HEALTH CENTER; WENDY HUNTER; and CHILDREN'S SPECIALISTS OF SAN DIEGO, A MEDICAL GROUP, INC.,<br><br>         Defendants. | CASE NO.  **'14CV0164 GPC BGS**<br><br>**COMPLAINT FOR DAMAGES;**<br>**DEMAND FOR JURY TRIAL** |

Yaret Morales, as next friend of Estela Loredo Morales, the real party in interest, alleges as follows:

/ / /

/ / /

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§1331 and 1332(a)(1), and 42 U.S.C. §§1395dd et seq.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2).

## PARTIES

### Plaintiff

3. Yaret Morales is the mother of Estela Loredo Morales (hereinafter "Estela"), who was born on January 21, 2012. Yaret Morales is acting as her minor daughter's next friend in this action.

### Defendants

4. Palomar Health is a local hospital district formed pursuant to California Health & Safety Code §§32000 et seq. Palomar Health owns and operates Palomar Medical Center in Escondido, California. Palomar Health was served with a notice of Estela's claim pursuant to the California Tort Claims Act on July 12, 2013. Palomar Health rejected the claim by letter dated August 23, 2013.

5. Bruce Friedberg is a physician licensed by the State of California. At the times alleged herein, he was an emergency room physician at Palomar Medical Center.

6. At the times alleged herein, Bruce Friedberg was a partner of CEP America LLC (hereinafter "CEP"), a Delaware corporation. CEP bills itself as one of the largest providers of acute care management in the United States with practitioners in eight states, including California.

7. Kelly Pretorius is a nurse practitioner licensed by the State of California.

8. At the times alleged herein, Kelly Pretorius was employed by Rady Children's Hospital and Health Center (hereinafter "Rady Children's"), a California corporation with its principal place of business in San Diego, California.

9. Wendy Hunter is a physician licensed by the State of California. Dr. Hunter works in the emergency department at Rady Children's.

10. At the times alleged herein, Wendy Hunter was a partner and shareholder in Children's Specialists of San Diego, a Medical Group, Inc. (hereinafter "Specialists"), a California corporation with its principal place of business in San Diego, California.

## SUBSTANTIVE ALLEGATIONS

11. On or about February 15, 2013, Estela Loredo Morales (hereinafter "Estela") contracted a meningococcal infection. On or about February 16, 2013, Estela developed meningococcal bacteremia. If untreated, meningococcal bacteremia can cause serious and permanent injury, including meningitis and brain damage, and the condition is often fatal.

12. On February 17, 2013, Estela was examined and evaluated by Bruce Friedberg at the Palomar Medical Center emergency department. Estela was discharged from the hospital at approximately 4:30 a.m. on February 17, 2013, after being in the emergency department for approximately two hours, without treatment for her emergent medical condition.

13. On February 17, 2013, Estela was examined by Kelly Pretorius in the Rady Children's emergency department. Estela was discharged from the hospital at 8:57 p.m. after being in the emergency department for less than two hours, without treatment for her emergent medical condition. Ms. Pretorius's supervising physician was Wendy Hunter.

14. On February 19, 2013, Estela was admitted to Rady Children's and diagnosed with meningococcal bacteremia and meningitis. Prior to developing meningococcal bacteremia and meningitis, Estela was a normal one year old and was walking and speaking with an age-appropriate vocabulary. At the time of her discharge from Rady Children's Estela was deaf, not walking, and not speaking.

# FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. 1395dd *et. seq.* (EMTALA)
[AS TO DEFENDANT PALOMAR HEALTH]

15. Plaintiff realleges and incorporates by reference every allegation contained in paragraphs 1 - 6 and 11 - 14.

16. Palomar Medical Center is licensed by the State of California to provide emergency room services. The hospital holds itself out to the public as providing emergency services.

17. On February 17, 2013, Estela was taken by family members to the Palomar Medical Center emergency department.

18. During the time that she was in the Palomar Medical Center emergency department, Estela had an emergent medical condition manifesting itself by acute symptoms of sufficient severity that, in the absence of immediate medical attention, her health could reasonably be expected to be in serious jeopardy, including the risk of serious impairment of her bodily functions and organs and death.

19. While Estela was in the emergency department, Palomar Medical Center failed to provide her with a medical screening based on her presenting signs and symptoms and in the same manner as the hospital provides other patients with the same or similar signs and symptoms. Defendant's failure was a violation of 42 U.S.C. §1395dd(a).

20. While Estela was in the Palomar Medical Center emergency department, the hospital failed to provide her with treatment and further examination necessary to stabilize her emergent condition, even though the hospital had the capabilities and resources to provide the necessary treatment and further examination. Instead, Estela was discharged from the emergency department to return to her home without treatment for her condition. Defendant's failure was a violation of 42 U.S.C. §1395dd(b)(1).

21. As a result of defendant's statutory violations, Estela's medical condition remained untreated for days and grew progressively worse, causing her pain and mental and emotional distress and profound injury to her health and person, including deafness, cognitive impairment, and other physical disabilities, all to her damage in an amount subject to proof at trial.

22. As a further result of defendant's statutory violations, Estela's earning capacity has been impaired in an amount subject to proof at trial.

23. As a further result of defendant's statutory violations, Estela has incurred and will continue to incur medical, hospital, hearing aid, and other expenses in an amount subject to proof at trial.

24. As a further result of defendant's statutory violations, Estela will require attendant care, tutors, and other special care related to her disabilities in an amount subject to proof at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. 1395dd *et. seq.* (EMTALA)
[AS TO DEFENDANT RADY CHILDREN'S]

25. Plaintiff realleges and incorporates by reference every allegation contained in paragraphs 1 - 3 and 7 - 14.

26. Rady Children's is licensed by the State of California to provide emergency room services. The hospital holds itself out to the public as providing emergency services.

27. On February 17, 2013, Estela was taken by family members to the Rady Children's emergency department.

28. During the time that she was in the Rady Children's emergency department, Estela had an emergent medical condition manifesting itself by acute symptoms of sufficient severity that, in the absence of immediate medical attention, her health could reasonably be expected to be in serious jeopardy,

Casey, Gerry, Schenk, Francavilla, Blatt & Penfield, LLP

63

including the risk of serious impairment of her bodily functions and organs and death.

29. While Estela was in the emergency department, Rady Children's failed to provide her with a medical screening based on her presenting signs and symptoms and in the same manner as the hospital provides other patients with the same or similar signs and symptoms. Defendant's failure was a violation of 42 U.S.C. §1395dd(a).

30. While Estela was in the Rady Children's emergency department, the hospital failed to provide her with treatment and further examination necessary to stabilize her emergent condition, even though the hospital had the capabilities and resources to provide the necessary treatment and further examination. Instead, Estela was discharged from the emergency department to return to her home without treatment for her condition. Defendant's failure was a violation of 42 U.S.C. §1395dd(b)(1).

31. As a result of defendant's statutory violations, Estela's medical condition remained untreated for days and grew progressively worse, causing her pain and mental and emotional distress and profound injury to her health and person, including deafness, cognitive impairment, and other physical disabilities, all to her damage in an amount subject to proof at trial.

32. As a further result of defendant's statutory violations, Estela's earning capacity has been impaired in an amount subject to proof at trial.

33. As a further result of defendant's statutory violations, Estela has incurred and will continue to incur medical, hospital, hearing aid, and other expenses in an amount subject to proof at trial.

34. As a further result of defendant's statutory violations, Estela will require attendant care, tutors, and other special care related to her disabilities in an amount subject to proof at trial.

/ / /

# THIRD CAUSE OF ACTION
# MEDICAL NEGLIGENCE
[AS TO DEFENDANTS BRUCE FRIEDBERG AND CEP]

35. Plaintiff realleges and incorporates by reference every allegation in paragraphs 1 - 6 and 11 - 14.

36. In 2013 defendants were employed on behalf of Estela to treat a medical condition then suffered by her. Pursuant to this employment, defendants rendered professional services in the diagnosis and treatment of Estela's condition.

37. From and after the time of their employment, defendants failed to use the level of skill, knowledge, and care in the diagnosis and treatment of Estela's condition that other reasonably careful emergency room physicians would use in the same or similar circumstances.

38. As a result of defendants' negligence, Estela's medical condition remained untreated for days and grew progressively worse, causing her pain and mental and emotional distress and profound injury to her health and person, including deafness, cognitive impairment, and other physical disabilities, all to her damage in an amount well in excess of $75,000 and subject to proof at trial.

39. As a further result of defendants' negligence, Estela's earning capacity has been impaired in an amount subject to proof at trial.

40. As a further result of defendants' negligence, Estela has incurred and will continue to incur medical, hospital, hearing aid, and other expenses in an amount subject to proof at trial.

41. As a further result of defendants' negligence, Estela will require attendant care, tutors, and other special care related to her disabilities in an amount subject to proof at trial.

///

///

///

## FOURTH CAUSE OF ACTION
## MEDICAL NEGLIGENCE
[AS TO DEFENDANTS KELLY PRETORIUS, RADY CHILDREN'S, WENDY HUNTER, AND SPECIALISTS]

42. Plaintiff realleges and incorporates by reference every allegation in paragraphs 1 - 3 and 7 - 14.

43. In 2013 defendants were employed on behalf of Estela to treat a medical condition then suffered by her. Pursuant to this employment, defendants rendered professional services in the diagnosis and treatment of Estela's condition.

44. From and after the time of its employment, defendant Rady Children's failed to use the level of skill, knowledge, and care in the diagnosis and treatment of Estela's condition that other reasonably careful pediatric emergency rooms would use. That failure included, but was not limited to, assigning a nurse practitioner and not a pediatric emergency room physician to diagnose and treat Estela's emergent medical condition.

45. From and after the time of her employment, defendant Kelly Pretorius failed to use the level of skill, knowledge, and care in the diagnosis and treatment of Estela's condition that other reasonably careful pediatric nurse practitioners would use. That failure included, but was not limited to, consulting with an emergency room physician about Estela before discharging her from the hospital.

46. From and after the time of her employment, defendant Wendy Hunter failed to use the level of skill, knowledge, and care in the diagnosis and treatment of Estela's condition that other reasonably careful emergency room physicians would use. That failure included, but was not limited to, failing to adequately supervise Kelly Pretorius, such that Estela could be discharged from the emergency department without a consultation between Kelly Pretorius and an emergency room physician and without an emergency room physician examining Estela.

47. As a result of defendants' negligence, Estela's medical condition remained untreated for days and grew progressively worse, causing her pain and mental and emotional distress and profound injury to her health and person, including deafness, cognitive impairment, and other physical disabilities, all to her damage in an amount well in excess of $75,000 and subject to proof at trial.

48. As a further result of defendants' negligence, Estela's earning capacity has been impaired in an amount subject to proof at trial.

49. As a further result of defendants' negligence, Estela has incurred and will continue to incur medical, hospital, hearing aid, and other expenses in an amount subject to proof at trial.

50. As a further result of defendants' negligence, Estela will require attendant care, tutors, and other special care related to her disabilities in an amount subject to proof at trial.

Based on the foregoing allegations, plaintiff prays for judgment against defendants, and each of them, as follows:

1. For noneconomic damages in a sum subject to proof at trial;
2. For economic damages in a sum subject to proof at trial;
3. For interest and pre-judgment interest in accordance with law;
4. For costs of suit; and
5. For such other and further relief as the court deems appropriate.

Dated:  January 23, 2014          CASEY GERRY SCHENK
                                  FRANCAVILLA BLATT & PENFIELD, LLP


                                  s/Thomas D. Penfield
                                  Thomas D. Penfield, Esq.
                                  Attorneys for Plaintiff
                                  tompen@cglaw.com

**Demand for Jury Trial:** Plaintiff hereby demands a jury trial.

Dated:  January 23, 2014      CASEY GERRY SCHENK
                              FRANCAVILLA BLATT & PENFIELD, LLP


                              s/Thomas D. Penfield
                              Thomas D. Penfield, Esq.
                              Attorneys for Plaintiff
                              tompen@cglaw.com

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Yaret Morales, as next friend of Estela Loredo Morales, the real party in interest

### DEFENDANTS
Palomar Health; Bruce Friedberg; CEP America LLC; Kelly Pretorious; Rady Children's Hospital and Health Center; Wendy Hunter; and Children's Specialists of San Diego, a Medical Group, Inc.

**(b)** County of Residence of First Listed Plaintiff: San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: San Diego
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Thomas D. Penfield/Casey Gerry Schenk Francavilla Blatt & Penfield
110 Laurel St, San Diego, CA 92101, 619-238-1811; Mitchel J. Olson, 1901 Camino Vida Roble, Ste 121, Carlsbad, CA 92008, 877-834-9980

Attorneys *(If Known)*

'14CV0164 GPC BGS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Violation of 42 U.S.C. 1395dd et. seq.
Brief description of cause:
Medical negligence of a minor.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE

DOCKET NUMBER

DATE: 01/23/2014

SIGNATURE OF ATTORNEY OF RECORD: s/Thomas D. Penfield

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.   Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.