WILLIAM A. MILLER, ESQ. (Bar No. 144637)
wmiller@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
TEL: 619.236.1551
FAX: 619.696.1410

Attorneys for Defendants
PALOMAR HEALTH; BRUCE FRIEDBERG, M.D.;
and CALIFORNIA EMERGENCY PHYSICIANS
GROUP, a California Partnership, dba CALIFORNIA
EMERGENCY PHYSICIANS AMERICA
(erroneously sued as "CEP America, LLC")

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YARET MORALES, as next friend of ESTELA LOREDO MORALES, the real party in interest,<br><br>Plaintiff,<br><br>v.<br><br>PALOMAR HEALTH; BRUCE FRIEDBERG; CEP AMERICA LLC; KELLY PRETORIOUS; RADY CHILDREN'S HOSPITAL AND HEALTH CENTER; WENDY HUNTER; and CHILDREN'S SPECIALISTS OF SAN DIEGO, A MEDICAL GROUP, INC.,<br><br>Defendants. | CASE NO. 14-CV-00164-GPC-BGS<br><br>**INDEX OF EXHIBITS IN SUPPORT OF DEFENDANT PALOMAR HEALTH'S MOTION TO DISMISS PLAINTIFF'S FIRST CAUSE OF ACTION**<br><br>**[Fed. R. Civ. P. 12(b)(6)]**<br><br>DATE: August 15, 2014<br>TIME: 1:30 p.m.<br><br>Judge: Hon. Gonzalo P. Curiel<br>Courtroom: 2D (2nd Flr), Ste. 2190<br><br>Magistrate: Judge Bernard G. Skomal<br>Courtroom: 12th Flr (Annex), Ste. 1280<br><br>CASE FILED: January 23, 2014<br>TRIAL DATE: Not yet set |

| EXHIBIT | CONTENT | PAGES |
|---|---|---|
| **Exhibit A** | **Complaint for Damages,** filed on January 23, 2014, as "Document 1," with the United States District Court, Southern District of California, in the above-entitled matter. | 10 |

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

1192957.1

Case No. 14cv0164 GPC BGS

| | |
|---|---|
| DATED: May 16, 2014 | HIGGS FLETCHER & MACK LLP |
| | By: _/s/ William A. Miller_<br>WILLIAM A. MILLER, ESQ.<br>Attorneys for Defendants<br>PALOMAR HEALTH;<br>BRUCE FRIEDBERG, M.D.; and<br>CALIFORNIA EMERGENCY<br>PHYSICIANS GROUP, a California<br>Partnership, dba CALIFORNIA<br>EMERGENCY PHYSICIANS<br>AMERICA (erroneously sued as<br>"CEP America, LLC") |

# **EXHIBIT A**
## **(10 pages)**

Thomas D. Penfield, SBN 062380
**CASEY GERRY SCHENK**
**FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232
tompen@cglaw.com

Mitchel J. Olson, SBN 082566
**LAW OFFICE OF MITCHEL J. OLSON**
1901 Camino Vida Roble, Suite 121
Carlsbad, CA 92008
Telephone: (877) 834-9980
Facsimile: (760) 452-7565
molson@lawmed.net

Attorneys for Plaintiff Yaret Morales and
Real Party in Interest Estela Loredo Morales

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YARET MORALES, as next friend of ESTELA LOREDO MORALES, the real party in interest,<br><br>Plaintiff,<br><br>v.<br><br>PALOMAR HEALTH; BRUCE FRIEDBERG; CEP AMERICA LLC; KELLY PRETORIOUS; RADY CHILDREN'S HOSPITAL AND HEALTH CENTER; WENDY HUNTER; and CHILDREN'S SPECIALISTS OF SAN DIEGO, A MEDICAL GROUP, INC.,<br><br>Defendants. | CASE NO. '14CV0164 GPC BGS<br><br>**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

Yaret Morales, as next friend of Estela Loredo Morales, the real party in interest, alleges as follows:

///
///

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§1331 and 1332(a)(1), and 42 U.S.C. §§1395dd et seq.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2).

## PARTIES

### Plaintiff

3. Yaret Morales is the mother of Estela Loredo Morales (hereinafter "Estela"), who was born on January 21, 2012. Yaret Morales is acting as her minor daughter's next friend in this action.

### Defendants

4. Palomar Health is a local hospital district formed pursuant to California Health & Safety Code §§32000 et seq. Palomar Health owns and operates Palomar Medical Center in Escondido, California. Palomar Health was served with a notice of Estela's claim pursuant to the California Tort Claims Act on July 12, 2013. Palomar Health rejected the claim by letter dated August 23, 2013.

5. Bruce Friedberg is a physician licensed by the State of California. At the times alleged herein, he was an emergency room physician at Palomar Medical Center.

6. At the times alleged herein, Bruce Friedberg was a partner of CEP America LLC (hereinafter "CEP"), a Delaware corporation. CEP bills itself as one of the largest providers of acute care management in the United States with practitioners in eight states, including California.

7. Kelly Pretorius is a nurse practitioner licensed by the State of California.

8. At the times alleged herein, Kelly Pretorius was employed by Rady Children's Hospital and Health Center (hereinafter "Rady Children's"), a California corporation with its principal place of business in San Diego, California.

9. Wendy Hunter is a physician licensed by the State of California. Dr. Hunter works in the emergency department at Rady Children's.

10. At the times alleged herein, Wendy Hunter was a partner and shareholder in Children's Specialists of San Diego, a Medical Group, Inc. (hereinafter "Specialists"), a California corporation with its principal place of business in San Diego, California.

## SUBSTANTIVE ALLEGATIONS

11. On or about February 15, 2013, Estela Loredo Morales (hereinafter "Estela") contracted a meningococcal infection. On or about February 16, 2013, Estela developed meningococcal bacteremia. If untreated, meningococcal bacteremia can cause serious and permanent injury, including meningitis and brain damage, and the condition is often fatal.

12. On February 17, 2013, Estela was examined and evaluated by Bruce Friedberg at the Palomar Medical Center emergency department. Estela was discharged from the hospital at approximately 4:30 a.m. on February 17, 2013, after being in the emergency department for approximately two hours, without treatment for her emergent medical condition.

13. On February 17, 2013, Estela was examined by Kelly Pretorius in the Rady Children's emergency department. Estela was discharged from the hospital at 8:57 p.m. after being in the emergency department for less than two hours, without treatment for her emergent medical condition. Ms. Pretorius's supervising physician was Wendy Hunter.

14. On February 19, 2013, Estela was admitted to Rady Children's and diagnosed with meningococcal bacteremia and meningitis. Prior to developing meningococcal bacteremia and meningitis, Estela was a normal one year old and was walking and speaking with an age-appropriate vocabulary. At the time of her discharge from Rady Children's Estela was deaf, not walking, and not speaking.

# FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. 1395dd *et. seq.* (EMTALA)
### [AS TO DEFENDANT PALOMAR HEALTH]

15. Plaintiff realleges and incorporates by reference every allegation contained in paragraphs 1 - 6 and 11 - 14.

16. Palomar Medical Center is licensed by the State of California to provide emergency room services. The hospital holds itself out to the public as providing emergency services.

17. On February 17, 2013, Estela was taken by family members to the Palomar Medical Center emergency department.

18. During the time that she was in the Palomar Medical Center emergency department, Estela had an emergent medical condition manifesting itself by acute symptoms of sufficient severity that, in the absence of immediate medical attention, her health could reasonably be expected to be in serious jeopardy, including the risk of serious impairment of her bodily functions and organs and death.

19. While Estela was in the emergency department, Palomar Medical Center failed to provide her with a medical screening based on her presenting signs and symptoms and in the same manner as the hospital provides other patients with the same or similar signs and symptoms. Defendant's failure was a violation of 42 U.S.C. §1395dd(a).

20. While Estela was in the Palomar Medical Center emergency department, the hospital failed to provide her with treatment and further examination necessary to stabilize her emergent condition, even though the hospital had the capabilities and resources to provide the necessary treatment and further examination. Instead, Estela was discharged from the emergency department to return to her home without treatment for her condition. Defendant's failure was a violation of 42 U.S.C. §1395dd(b)(1).

Casey, Gerry,
Schenk, Francavilla,
Blatt & Penfield, LLP

21. As a result of defendant's statutory violations, Estela's medical condition remained untreated for days and grew progressively worse, causing her pain and mental and emotional distress and profound injury to her health and person, including deafness, cognitive impairment, and other physical disabilities, all to her damage in an amount subject to proof at trial.

22. As a further result of defendant's statutory violations, Estela's earning capacity has been impaired in an amount subject to proof at trial.

23. As a further result of defendant's statutory violations, Estela has incurred and will continue to incur medical, hospital, hearing aid, and other expenses in an amount subject to proof at trial.

24. As a further result of defendant's statutory violations, Estela will require attendant care, tutors, and other special care related to her disabilities in an amount subject to proof at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. 1395dd *et. seq.* (EMTALA)
### [AS TO DEFENDANT RADY CHILDREN'S]

25. Plaintiff realleges and incorporates by reference every allegation contained in paragraphs 1 - 3 and 7 - 14.

26. Rady Children's is licensed by the State of California to provide emergency room services. The hospital holds itself out to the public as providing emergency services.

27. On February 17, 2013, Estela was taken by family members to the Rady Children's emergency department.

28. During the time that she was in the Rady Children's emergency department, Estela had an emergent medical condition manifesting itself by acute symptoms of sufficient severity that, in the absence of immediate medical attention, her health could reasonably be expected to be in serious jeopardy,

1 | including the risk of serious impairment of her bodily functions and organs and
2 | death.
3 | 29.  While Estela was in the emergency department, Rady Children's failed to
4 | provide her with a medical screening based on her presenting signs and
5 | symptoms and in the same manner as the hospital provides other patients with the
6 | same or similar signs and symptoms. Defendant's failure was a violation of 42
7 | U.S.C. §1395dd(a).
8 | 30.  While Estela was in the Rady Children's emergency department, the
9 | hospital failed to provide her with treatment and further examination necessary to
10 | stabilize her emergent condition, even though the hospital had the capabilities
11 | and resources to provide the necessary treatment and further examination.
12 | Instead, Estela was discharged from the emergency department to return to her
13 | home without treatment for her condition. Defendant's failure was a violation of
14 | 42 U.S.C. §1395dd(b)(1).
15 | 31.  As a result of defendant's statutory violations, Estela's medical condition
16 | remained untreated for days and grew progressively worse, causing her pain and
17 | mental and emotional distress and profound injury to her health and person,
18 | including deafness, cognitive impairment, and other physical disabilities, all to
19 | her damage in an amount subject to proof at trial.
20 | 32.  As a further result of defendant's statutory violations, Estela's earning
21 | capacity has been impaired in an amount subject to proof at trial.
22 | 33.  As a further result of defendant's statutory violations, Estela has incurred
23 | and will continue to incur medical, hospital, hearing aid, and other expenses in an
24 | amount subject to proof at trial.
25 | 34.  As a further result of defendant's statutory violations, Estela will require
26 | attendant care, tutors, and other special care related to her disabilities in an
27 | amount subject to proof at trial.
28 | ///

Casey, Gerry,
Schenk, Francavilla,
Blatt & Penfield, LLP

-6-

COMPLAINT FOR DAMAGES

## THIRD CAUSE OF ACTION
## MEDICAL NEGLIGENCE
### [AS TO DEFENDANTS BRUCE FRIEDBERG AND CEP]

35. Plaintiff realleges and incorporates by reference every allegation in paragraphs 1 - 6 and 11 - 14.

36. In 2013 defendants were employed on behalf of Estela to treat a medical condition then suffered by her. Pursuant to this employment, defendants rendered professional services in the diagnosis and treatment of Estela's condition.

37. From and after the time of their employment, defendants failed to use the level of skill, knowledge, and care in the diagnosis and treatment of Estela's condition that other reasonably careful emergency room physicians would use in the same or similar circumstances.

38. As a result of defendants' negligence, Estela's medical condition remained untreated for days and grew progressively worse, causing her pain and mental and emotional distress and profound injury to her health and person, including deafness, cognitive impairment, and other physical disabilities, all to her damage in an amount well in excess of $75,000 and subject to proof at trial.

39. As a further result of defendants' negligence, Estela's earning capacity has been impaired in an amount subject to proof at trial.

40. As a further result of defendants' negligence, Estela has incurred and will continue to incur medical, hospital, hearing aid, and other expenses in an amount subject to proof at trial.

41. As a further result of defendants' negligence, Estela will require attendant care, tutors, and other special care related to her disabilities in an amount subject to proof at trial.

///
///
///

## FOURTH CAUSE OF ACTION
## MEDICAL NEGLIGENCE
[AS TO DEFENDANTS KELLY PRETORIUS, RADY CHILDREN'S, WENDY HUNTER, AND SPECIALISTS]

42. Plaintiff realleges and incorporates by reference every allegation in paragraphs 1 - 3 and 7 - 14.

43. In 2013 defendants were employed on behalf of Estela to treat a medical condition then suffered by her. Pursuant to this employment, defendants rendered professional services in the diagnosis and treatment of Estela's condition.

44. From and after the time of its employment, defendant Rady Children's failed to use the level of skill, knowledge, and care in the diagnosis and treatment of Estela's condition that other reasonably careful pediatric emergency rooms would use. That failure included, but was not limited to, assigning a nurse practitioner and not a pediatric emergency room physician to diagnose and treat Estela's emergent medical condition.

45. From and after the time of her employment, defendant Kelly Pretorius failed to use the level of skill, knowledge, and care in the diagnosis and treatment of Estela's condition that other reasonably careful pediatric nurse practitioners would use. That failure included, but was not limited to, consulting with an emergency room physician about Estela before discharging her from the hospital.

46. From and after the time of her employment, defendant Wendy Hunter failed to use the level of skill, knowledge, and care in the diagnosis and treatment of Estela's condition that other reasonably careful emergency room physicians would use. That failure included, but was not limited to, failing to adequately supervise Kelly Pretorius, such that Estela could be discharged from the emergency department without a consultation between Kelly Pretorius and an emergency room physician and without an emergency room physician examining Estela.

47. As a result of defendants' negligence, Estela's medical condition remained untreated for days and grew progressively worse, causing her pain and mental and emotional distress and profound injury to her health and person, including deafness, cognitive impairment, and other physical disabilities, all to her damage in an amount well in excess of $75,000 and subject to proof at trial.

48. As a further result of defendants' negligence, Estela's earning capacity has been impaired in an amount subject to proof at trial.

49. As a further result of defendants' negligence, Estela has incurred and will continue to incur medical, hospital, hearing aid, and other expenses in an amount subject to proof at trial.

50. As a further result of defendants' negligence, Estela will require attendant care, tutors, and other special care related to her disabilities in an amount subject to proof at trial.

Based on the foregoing allegations, plaintiff prays for judgment against defendants, and each of them, as follows:

1. For noneconomic damages in a sum subject to proof at trial;
2. For economic damages in a sum subject to proof at trial;
3. For interest and pre-judgment interest in accordance with law;
4. For costs of suit; and
5. For such other and further relief as the court deems appropriate.

Dated: January 23, 2014    CASEY GERRY SCHENK
FRANCAVILLA BLATT & PENFIELD, LLP


s/Thomas D. Penfield
Thomas D. Penfield, Esq.
Attorneys for Plaintiff
tompen@cglaw.com

COMPLAINT FOR DAMAGES

-9-

Exhibit A -- Page 9 of 10

1 **Demand for Jury Trial:** Plaintiff hereby demands a jury trial.

3  Dated: January 23, 2014        CASEY GERRY SCHENK
                                  FRANCAVILLA BLATT & PENFIELD, LLP

s/Thomas D. Penfield
Thomas D. Penfield, Esq.
Attorneys for Plaintiff
tompen@cglaw.com

Casey, Gerry,
Schenk, Francavilla,
Blatt & Penfield, LLP

COMPLAINT FOR DAMAGES