1
2
3
4
5
6
7
8
9          UNITED STATES DISTRICT COURT

10         SOUTHERN DISTRICT OF CALIFORNIA

11

12   YARET MORALES, as next friend of          )   Case No. 3:14-cv-0164-GPC-BGS
     ESTELA LOREDO MORALES, the                )
13   real party in interest,                   )   **ORDER:**
                                               )
14                    Plaintiff,               )   **(1) GRANTING PALOMAR**
                                               )   **HEALTH'S MOTION TO**
15   v.                                        )   **DISMISS AS UNOPPOSED, (ECF**
                                               )   **NO. 30);**
16   PALOMAR HEALTH; BRUCE                     )
     FRIEDBERG; CEP AMERICA LLC;               )   **(2) DENYING FRIEDBERG AND**
17   KELLY PRETORIOUS; RADY                    )   **CEP'S MOTION TO DISMISS,**
     CHILDREN'S HOSPITAL AND                   )   **(ECF NO. 31)**
18   HEALTH CENTER; WENDY                      )
     HUNTER; and CHILDREN'S                    )
19   SPECIALISTS OF SAN DIEGO, A               )
     MEDICAL GROUP, INC.,                      )
20                                             )
                     Defendants.               )
21                                             )

22         On May 16, 2014, defendant Palomar Health filed a motion to dismiss Plaintiff's

23   first cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to

24   state a claim against Palomar Health.  (ECF No. 30.)  On the same day, defendants

25   Bruce Friedberg ("Friedberg") and California Emergency Physicians Group dba

26   California Emergency Physicians America (erroneously sued as CEP America, LLC)

27   ("CEP") filed a separate motion to dismiss Plaintiff's third cause of action pursuant to

28   Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.  (ECF

No. 31.)  The Court set a briefing schedule requiring any response to the foregoing motions to be filed on or before July 18, 2014.  To date, the Court has received no response to the foregoing motions.

### 1.  Palomar Health's Motion to Dismiss

Palomar Health moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's first cause of action for violation of the Emergency Medical Treatment and Active Labor Act ("EMTALA").  Palomar Health argues Plaintiff has failed to allege facts sufficient to support her EMTALA claim as alleged against Palomar Health.

Civil Local Rule 7.1.f.3.c provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."  While "[f]ailure to follow a district court's local rules is a proper ground for dismissal," courts must consider the following factors before dismissing a case on such a ground: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (internal quotation marks & citation omitted).

The Court finds the public's interest in expeditious resolution of litigation weighs in favor of dismissal, as Plaintiff's claims against Palomar Health will be entirely resolved without further delay if Palomar Health's Motion is granted.  The Court's need to manage its docket also weighs in favor of dismissal, as dismissal of Palomar Health will result in a less complex, more streamlined case for the Court to manage.  The risk of prejudice to Palomar Health weighs in favor of dismissal, as Palomar Health would be required to participate in this case without Plaintiff having responded to Palomar Health's arguments for dismissal.  The public policy favoring disposition of cases on their merits weighs against dismissal; yet, Plaintiff's failure to

respond to Palomar Health's Motion indicates Plaintiff's disregard for disposing of her case on the merits.  Further, any dismissal would be without prejudice.  Finally, the Court is not imposing sanctions, but is instead considering whether to grant an unopposed motion.  Having considered the above factors, the Court finds  they weigh in favor of granting Palomar Health's Motion as unopposed.

**2.      Friedberg & CEPA's Motion to Dismiss**

Friedberg and CEP move, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss Plaintiff's medical negligence claims for lack of subject-matter jurisdiction. Friedberg and CEP argue the Court will be divested of federal-question jurisdiction if Plaintiff's EMTALA claims against Palomar Health and co-defendant Rady Children's Hospital San Diego ("RCHSD") are dismissed.

Federal courts are courts of limited jurisdiction.  See Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986).  As such, a federal court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction.  See Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 93-94 (1998).  Federal-question jurisdiction exists only when a federal question is presented on the face of a properly pled complaint.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

Because the Court has denied RCHSD's motion to entirely dismiss Plaintiff's EMTALA claim, as set forth in the order thereon, the Court rejects Friedberg and CEP's argument that this Court lacks subject-matter jurisdiction over this case.  The Court will therefore deny Friedberg & CEP's Motion to Dismiss.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1.      Palomar Health's Motion to Dismiss, (ECF No. 30), is **GRANTED** as unopposed;

2.      Friedberg and CEP's Motion to Dismiss, (ECF No. 31), is **DENIED**; and

/ / /

/ / /

/ / /

3.    The hearing on these motions, currently set for August 15, 2014, is **VACATED**.

DATED:  August 12, 2014

HON. GONZALO P. CURIEL
United States District Judge

3:14-cv-0164-GPC-BGS