1
2
3
4
5
6
7
8
9    UNITED STATES DISTRICT COURT

10    SOUTHERN DISTRICT OF CALIFORNIA

11

12   YARET MORALES, as next friend            Case No.:  14cv0164-GPC-MDD
     of ESTELA LOREDO MORALES,
13   the real party in interest,              **ORDER GRANTING IN PART AND
14                                            DENYING IN PART PLAINTIFF'S**
                           Plaintiffs,        **MOTION TO SUBSTITUTE**
15                                            **EXPERT WITNESS AND TO**
     v.                                       **AMEND THE SCHEDULING**
16                                            **ORDER**
     PALOMAR HEALTH, et al.,
17                                            **[ECF NO. 118]**
                           Defendants.
18

19

20         Before the Court is the Joint Motion of the parties, filed on June 17,

21   2016, presenting Plaintiff's Motion to Amend the Scheduling Order and

22   Substitute an Expert Witness.  (ECF No. 118).  Plaintiff seeks permission to

23   substitute a different expert for Dr. Katherine Mandeville because Dr.

24   Mandeville has not communicated directly with counsel for Plaintiff since

25   May 3, 2016, and has not made herself available for deposition within the

26   time allowed by the operative Scheduling Order.  The operative Scheduling

27   Order provides that expert discovery must be completed by July 1, 2016.

(ECF No. 114).  Defendants oppose on the grounds that good cause has not been shown and that Defendants would be prejudiced by a change in experts at this time.

## Legal Standard

A scheduling order "may be modified only for good cause and with the judge's consent."  FED. R. CIV. P. 16(b)(4).  "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)…"  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification….  If that party was not diligent, the inquiry should end."  *Id.* (citation omitted).  "The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action."  *In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737-738 (9th Cir. 2013).

## Analysis

The Court appreciates Plaintiff's frustration regarding the lack of communication directly with Dr. Mandeville.  According to Plaintiff's brief, Dr. Mandeville was retained through Elite Medical Experts ("EME").  Plaintiff has been able to communicate, albeit unsatisfactorily to Plaintiff, through EME.  According to those communications, Dr. Mandeville will be available for deposition after July 17, 2016.  There is nothing in those communications, as presented by Plaintiff, which suggests that Dr. Mandeville is no longer willing to serve as Plaintiff's expert.  Her report has been completed and provided.  This is not a case where the expert has become unavailable.  *See, e.g., McDowell v. Evey*, No. CIV. 95–846–FR, 2000 WL

1371400, at *2-3 (D. Ore. Aug. 31, 2000) (retirement); *TIC-The Indus. Co. Wyoming v. Factory Mut. Ins. Co.*, No. 4:10CV3153, 2012 WL 2830867, at *8 (D. Neb. July 10, 2012) (ethical conflict); *Park v. CAS Enters., Inc.*, Civil No. 08cv385 DMS (NLS), 2009 WL 4057888, at *3 (S.D. Cal. Nov. 19, 2009) (unilateral withdrawal by expert due to severe memory issues).

Defendants contend that they will be unfairly prejudiced if the substitution is permitted. The new, as yet unidentified expert will not be relying on Dr. Mandeville's report but will prepare a new report. This will prejudice defendants, they argue, because the new report will be made with the benefit of reviewing the reports of Defendants' experts and may necessitate new rebuttal reports.

The Court agrees with Defendants that good cause has not been shown. Dr. Mandeville has not withdrawn, actually or constructively. Provided that the Court amends the Scheduling Order, she can be deposed in late July. The Court sympathizes with Plaintiff's predicament but allowing a new expert and expert report would unduly prejudice Defendants where the current expert remains available, albeit difficult to reach. The Court will amend the Scheduling Order to provide that expert discovery must be completed by July 29, 2016 and extend the date by which pretrial motions, including any *Daubert* motions, must be filed to August 15, 2016.

<u>Conclusion</u>

Plaintiff's Motion to Substitute Expert and to Amend the Scheduling Order, as presented in the instant Joint Motion, is **GRANTED IN PART AND DENIED IN PART.** Plaintiff's Motion to Substitute another expert for Dr. Mandeville is **DENIED.** Plaintiff's Motion to Amend the Scheduling Order is **GRANTED.** The Scheduling Order is amended as follows:

1. The expert discovery deadline is extended to **<u>July 29, 2016</u>**, to allow

1     for the deposition of Dr. Mandeville.

2     2. The deadline to file any pretrial motions, including *Daubert* motions,

3     is extended to **August 15, 2016.**

4     **IT IS SO ORDERED.**

5 Dated:   June 23, 2016

6

7                  Hon. Mitchell D. Dembin
                 United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27