UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YARET MORALES, as next friend of ESTELA LOREDO MORALES, the real party in interest,<br><br>Plaintiff,<br><br>v.<br><br>PALOMAR HEALTH, et al.,<br><br>Defendants. | Case No.:  14cv0164-GPC-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE EXPERT WITNESS**<br><br>**[ECF NO. 121]** |

On June 23, 2016, the Court denied Plaintiff's Motion to Substitute an Expert Witness.  (ECF No. 120).  Plaintiff sought permission to substitute a different expert for Dr. Katherine Mandeville because Dr. Mandeville had not communicated directly with counsel for Plaintiff for a couple of months and had not made herself available for deposition within the time allowed by the operative Scheduling Order.  The Court denied the motion finding that although there were communication issues between counsel for Plaintiff and Dr. Mandeville, there was no evidence suggesting that Dr. Mandeville was no

1  longer available to serve as Plaintiff's expert.  (*Id.*).  With the exception of the
2  deposition of Dr. Mandeville, all discovery, including expert discovery, has
3  been completed.  The Court extended the Scheduling Order to allow for the
4  deposition of Dr. Mandeville no later than July 29, 2016.  (*Id.*).

5  The instant motion was filed on July 1, 2016.  (ECF No. 121).  In
6  response to an email from Plaintiff's counsel, apparently sent on June 24, the
7  day after the Court's Order was entered, Dr. Mandeville signed an undated
8  letter asserting that she was no longer able to act as an expert witness in this
9  case due to "pressing time commitments."  *See Declaration of Mitchel J.*
10 *Olsen,* Exhibits 1 and 2 (ECF No. 121-1 Exhs. 1, 2).  Plaintiff asserts that this
11 change in circumstance justifies reconsideration and justifies granting their
12 motion to substitute an expert for Dr. Mandeville.  Defendants have opposed
13 asserting that the changed circumstances appear to have been manufactured
14 by Plaintiff, pressing time commitments are insufficient to find Dr.
15 Mandeville "unavailable," and that Defendants would be prejudiced by a
16 change in experts at this time.  (ECF No. 124).

17 Changed circumstances may be sufficient to allow for reconsideration of
18 a prior order.  *See* CivLR 7.1(i)(1)(3).  The question before the Court is
19 whether Dr. Mandeville's attempt to withdraw as an expert in this case due
20 to "pressing time commitments" is sufficient to overcome the substantial
21 prejudice to Defendants and the impact of the change in the orderly
22 procession of this case to trial.

23 The timing and circumstances of Dr. Mandeville's "withdrawal" are
24 cause for concern.  As the Court noted in its earlier Order, communications
25 from Dr. Mandeville submitted in support of Plaintiff's initial Motion
26 reflected that Dr. Mandeville would be available for deposition after July 17,
27 2016.  Accordingly, the Court amended the Scheduling Order to allow her

1  deposition to be taken no later than July 29, 2016. *See Order of June 23, 2016*
2  at 2 (ECF No. 120 at 2).  On June 24, 2016, counsel for Plaintiff emailed Dr.
3  Mandeville regarding the Court's Order.  (ECF No. 121-1, Exh. 1).  On June
4  29, 2016, Dr. Mandeville was served with a deposition subpoena in this case.
5  *See Defendant's Memorandum in Opposition to Plaintiff's Motion to*
6  *Reconsider* at 2 (ECF No. 124 at 2).

7      The email sent by counsel for Plaintiff to Dr. Mandeville on June 24
8  which resulted in Dr. Mandeville's withdrawal letter, whatever its intent,
9  strongly suggests counsel's displeasure with Dr. Mandeville and appears to
10  encourage her to withdraw.  Surely, Plaintiff's counsel has some buyer's
11  remorse in the retention of Dr. Mandeville.  Nevertheless, the Court finds
12  that her attempt to withdraw due to undisclosed pressing time commitments
13  is insufficient to overcome the prejudice to the Defendants and the Court's
14  interest, under Fed. R. Civ. P. 1, in the speedy and inexpensive determination
15  of the case.

16      Other cases in which an expert has been deemed unavailable provide
17  circumstances far more exigent than the mere press of business.  *See, e.g.,*
18  *McDowell v. Evey*, No. CIV. 95–846–FR, 2000 WL 1371400, at *2-3 (D. Ore.
19  Aug. 31, 2000) (retirement); *TIC-The Indus. Co. Wyoming v. Factory Mut. Ins.*
20  *Co.*, No. 4:10CV3153, 2012 WL 2830867, at *8 (D. Neb. July 10, 2012) (ethical
21  conflict); *Park v. CAS Enters., Inc.*, Civil No. 08cv385 DMS (NLS), 2009 WL
22  4057888, at *3 (S.D. Cal. Nov. 19, 2009) (unilateral withdrawal by expert due
23  to severe memory issues).  The Court finds that Dr. Mandeville's unsupported
24  assertion of "pressing time commitments" does not render her "unavailable"
25  within the meaning of the law such that she must be replaced.

26      Defendants contend, as they did initially, that they will be unfairly
27  prejudiced if substitution of a new expert is permitted at this time.  The new,

1 as yet unidentified expert will not be relying on Dr. Mandeville's report but
2 will prepare a new report.  This will prejudice defendants, they argue,
3 because the new report will be made with the benefit of reviewing the reports
4 of Defendants' experts and may necessitate new rebuttal reports and another
5 round of depositions.  This in turn will impact the Court's scheduling of this
6 case for pretrial disclosures and conference and, ultimately, trial.  The Court
7 agrees with Defendants that good cause has not been shown.

8     In a letter to counsel for Defendants, dated July 1, 2016, Dr. Mandeville
9 suggests that her deposition subpoena is "void" because she has withdrawn
10 from the case and, in any event, although served at her current place of
11 business, is void because she will be residing in another state on the date
12 scheduled for her deposition.  *See* Exh. 13 to Supplemental Declaration of
13 Gabriel Benrudi (ECF No. 125).  The Court finds Dr. Mandeville's
14 withdrawal as an expert to be of no effect and her assertion of the invalidity
15 of the subpoena legally incorrect.  *See* Fed. R. Civ. P. 45.  Accordingly, Dr.
16 Mandeville must appear for her deposition as required by the subpoena or as
17 otherwise agreed with counsel for Defendants or as otherwise ordered by a
18 court of competent jurisdiction.
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //

## CONCLUSION AND ORDER

Plaintiff's Motion to Reconsider is **DENIED.** Dr. Mandeville must appear for her deposition as required by the subpoena or as otherwise agreed with counsel for Defendants or as otherwise ordered by a court of competent jurisdiction. Counsel for Plaintiff is **ORDERED** provide a copy of this Order promptly to Dr. Mandeville.

**IT IS SO ORDERED.**

Dated: July 14, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge