UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YARET MORALES, as next friend of ESTELA LOREDO MORALES, the real party in interest,<br><br>Plaintiffs,<br><br>v.<br><br>PALOMAR HEALTH; et al., ,<br><br>Defendants. | Case No.: 14cv164-GPC-MDD<br><br>**REPORT AND RECOMMENDATION APPROVING MINOR'S PETITION AND COMPROMISE AND FOR FEES AND COSTS**<br><br>**[ECF NO. 182]** |

On January 23, 2014, Plaintiff filed a complaint against Rady Children's Hospital and Health Center ("Rady") and Children's Specialists of San Diego, a Medical Group, Inc. ("Specialists"). [1] (ECF No. 1). The parties reached a settlement and on May 30, 2017, Plaintiff Yaret Morales, Estela

---

[1] Eight Defendants were originally named in the suit. Defendant United States of America was terminated from the case by way of a motion to dismiss which was granted on March 17, 2016. (ECF No. 101). Defendant Wendy Hunter, M.D. was terminated from the case by way of a motion to dismiss which was granted on May 25, 2016. (ECF No. 113). On September 12, 2016, Defendant Palomar Health, Bruce Friedburg and CEP American, LLC reached an agreement with Plaintiffs to be dismissed from the case with each party to bear their own costs. (ECF No. 139).

Loredo Morales' next friend ("Plaintiff") filed a Petition for Compromise of the Claim of minor and real party in interest, Estela Loredo Morales. (ECF No. 182).

It is well settled that the district court has a special duty, rising out of Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors within the context of settlements proposed in civil suits with minors and plaintiffs. The duty obliges the court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978). The Ninth Circuit has held that this "duty requires only that the district court determine whether the net amount distributed to [a] minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value. . . ." *Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011). Here, the Court has considered the Petition, the supplemental information and after conducting an independent inquiry and evaluation of the proposed settlement, the Court finds that the proposed settlement is fair and reasonable and serves the best interest of Estela Loredo Morales, a minor.

IT IS HEREBY RECOMMENDED that the settlement between defendant Rady Children's Hospital and Health Center, and defendant Children's Specialist of San Diego, A Medical Group, Inc. and Plaintiff (including Estela Loredo Morales, real party in interest) be approved.

The Settlement as to defendants "Rady" and "Specialists" is set forth in Plaintiff's *Ex Parte* Motion. (ECF No. 182). The amount to be paid to Plaintiff by defendant Rady is $150,000.00. (*Id.* at 2). The amount to be paid to Plaintiff by defendant Specialists is $150,000.00. (*Id.*). The proceeds of the settlement shall be disbursed in the following manner:

1. Rady Children's Hospital and Health Center shall pay to the Casey Gerry Trust Account the amount of $150,000.00;
2. Children's Specialists of San Diego, a Medical Group, Inc., shall pay to the Casey Gerry Client Trust Account the amount of $150,000.00;
3. $128,031.50 from the settlement funds shall be paid to the Special Needs Trust, First Party Master Trust II, on behalf of Estela Loredo Morales pursuant to the San Diego Superior Court order dated May 9, 2017, (ECF No. 182-1, Exhibit1) approving the establishment of a special needs trust for Estela Loredo Morales for the settlement funds from this action;
4. $107,069.11 shall be paid from the settlement funds to Plaintiff's attorneys for litigation costs they have advanced in this action;
5. $59,899.39 shall be paid from the settlement funds to Plaintiff's attorneys for their attorney's fees in litigating this action for Plaintiff;
6. $5,000.00 shall be paid to the law firm of Battaglia and Waltari for preparing a special needs trust for Plaintiff's settlement funds.

IT IS FURTHER RECOMMENDED:

1. Plaintiff be authorized and directed to execute any and all documents reasonably necessary to carry out the terms of the settlement.
2. Plaintiff shall be responsible for maintaining a current address on behalf of Estela Loredo Morales with the Special Needs Trust and defendants "Rady" and "Specialists" until such time as the above payment schedule is completed.
3. Plaintiff shall have seventy-five days from the date that this report and recommendation is adopted to submit proof of funding of the

Special Needs Trust to the court.

4. After Plaintiff has received the cash payment from defendants, Plaintiff shall cause her attorney to file with the United States District Court for the Southern District of California a dismissal of this action against defendant "Rady" and defendant "Specialist" with prejudice.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any written objections to this report must be filed with the court and served on all parties no later than **July 26, 2017**. The document should be captioned "Objections to Report and Recommendation."

Any reply to the objections shall be filed with the court and served on all parties no later than **August 2, 2017**. The parties are advised that failure to file objections within the specified time may waive the right to those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 11, 2017

_____
Hon. Mitchell D. Dembin
United States Magistrate Judge